TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0268-KB

JAMES ROACH II                                                                                        MOVANT

V.                                    IN THE SUPREME COURT

KENTUCKY BAR ASSOCIATION                                                RESPONDENT

## OPINION AND ORDER

The Applicant, James Roach II, was admitted to practice law in Kentucky on October 16, 1975. Roach was also admitted to practice law in Michigan on October 2, 1979, and Arizona on May 20, 1985, and currently is in good standing in both of those states. Roach was admitted to practice in Washington D.C., on August 19, 1977, but was suspended from practice for non-payment of dues on December 2, 1991. He was reinstated on May 7, 2021.

Since March of 2021, Roach has resided in Springfield, Missouri. On March 24, 1992, he was suspended from the practice of law in Kentucky for failure to pay bar dues and has neither resided in nor practiced law in the Commonwealth since then. Even though Roach does not intend to practice law in Kentucky, he seeks restoration to the Kentucky Bar because he cannot be

admitted to the practice of law in Missouri while his license is suspended in Kentucky.

## I. BACKGROUND

Roach filed his Application for Restoration pursuant to SCR 3.500(3) on November 17, 2021,[1] over five years after he was suspended. Roach has paid all the required filing fees for restoration, including the filing fee of $750 to the Office of Bar Admissions, a $2,500 cash bond, and unpaid membership dues and a filing fee totaling $8,303.

Pursuant to SCR 3.500(2)(b), on October 13, 2021, the Office of Bar Counsel certified to KBA Executive Director John D. Meyers there were no disciplinary matters currently pending against Roach and that he has not been the subject of any claims against the Client Security Fund.

Pursuant to SCR 3.500(2)(c), the KBA CLE Director, Mary Beth Forester, certified Roach has complied with SCR 3.685 and has his required CLE credits.

The Character and Fitness Committee of the Kentucky Office of Bar Admissions concluded in its report dated April 8, 2022, that Roach has met all the requirements for his application and recommended he be approved for restoration under SCR 2.011. Roach requested a waiver of the requirement to sit for the bar examination under SCR 3.500(3)(e). The Character and Fitness Committee and the Office of Bar Counsel agreed to the waiver because he

---

[1] SCR 3.500(3) was in effect at the date of Roach's application but has since been replaced by SCR 3.504 per Order 2022-11, effective April 1, 2022.

practiced in Michigan, a reciprocal jurisdiction, and Roach does not intend to practice law in Kentucky.

The Office of Bar Counsel filed a motion for the Board of Governors to accept the recommendation of the Character and Fitness Committee and approve Roach's Application for Restoration.

After reviewing the report and recommendation of the Character and Fitness Committee of the Kentucky Office of Bar Admissions, a vote of the members of the Board of Governors was held for consideration of whether to approve or disapprove the recommendation of the Character and Fitness Committee and determine whether the application of Mr. Roach met the requirements for restoration. On May 20, 2022, the Board of Governors voted to sustain the motion of bar counsel and thereby to accept the recommendation of the Character and Fitness Committee and approve the application for restoration of James Roach II to practice in the Commonwealth of Kentucky. In so doing, the Board of Governors agreed to waive the requirement that Roach sit for the bar examination.

## II. ANALYSIS

This Court is prepared to accept the recommendation of the Board of Governors except with respect to the waiver of sitting for the bar examination. The rule governing readmission after a suspension for over five years is SCR 3.500(3). Subsection (3)(e) requires the applicant to sit for and pass a bar exam but also provides an exception:

> . . . . As an alternative and upon referral from the Board of Governors, if the Applicant has practiced in a reciprocal

3

jurisdiction after *withdrawal* pursuant to SCR 3.480 and meets all requirements of SCR 2.110, the Applicant may elect to have the Character and Fitness Committee consider an application for admission without examination under SCR 2.110.

(Emphasis added). Roach is admitted to practice in Michigan, a reciprocal jurisdiction, and has been since October 2, 1969. However, Roach did not withdraw pursuant to SCR 3.480. Rather, he was suspended for failure to pay bar dues. Therefore, there is no alternative available for Roach to sitting and passing the bar examination as required under SCR 3.500(3)(e).

### III. ORDER

Finding that James Roach II has not met all requirements for restoration under SCR 3.500, it is accordingly ORDERED that:

1. This matter shall be referred to the Board of Bar Examiners of the Kentucky Office of Bar Admissions for the administration of the written bar examination per SCR 3.500(3)(e).

2. If Roach receives a passing score on the bar examination, this Court will reconsider the application of James Roach II for restoration to the practice of law in the Commonwealth of Kentucky.

All sitting. All concur.

Entered: August 18, 2022

_____
CHIEF JUSTICE

4